Jose Eduardo Arellano CANALES; Eva Sanches Mejia, Petitioners,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–74766.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Jose Eduardo Arellano Canales, Orange, CA, for Petitioners.

Eva Sanches Mejia, Orange, CA, pro se.

Kurt B. Larson, Esquire, OIL, U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

### MEMORANDUM **

Jose Eduardo Arellano Canales and Eva Sanches Mejia, husband and wife and natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen and reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen or reconsider, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), and we deny in part and dismiss in part the petition for review.

** This disposition is not appropriate for publication and is not precedent except as provid-

The BIA acted within its discretion in denying petitioners' motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision. *See* 8 C.F.R. § 1003.2(b)(1).

The BIA also acted within its discretion in denying petitioners' motion to reopen because they did not demonstrate that the medical reports submitted were unavailable or incapable of being discovered at the time of their removal hearing, *see Goel v. Gonzales*, 490 F.3d 735, 738 (9th Cir.2007); 8 C.F.R. § 1003.2(c)(1), and petitioners failed to demonstrate prima facie eligibility for relief under the Legal Immigrant Family Equity Act of 2000, *see Ordonez v. INS*, 345 F.3d 777, 785 (9th Cir. 2003); 8 C.F.R. § 245a.11.

To the extent petitioners challenge the BIA's May 2, 2006 order dismissing their appeal, we lack jurisdiction because they did not timely petition for review of that order. *See* 8 U.S.C. § 1252(b)(1); *Martinez–Serrano v. INS*, 94 F.3d 1256, 1258 (9th Cir.1996).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**